**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

KENNETH LUCIOUS,

Petitioner,

v.

No. 20-cr-1849-KWR
No. 25-cv-0856-KWR-JFR

UNITED STATES OF AMERICA,

Respondent.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Kenneth Lucious' Notice of Ineffective Assistance By Counsel (CV Doc. 1; CR Doc. 108) (Notice). Petitioner is a federal prisoner and is proceeding *pro se.* The Notice consists of two paragraphs and lists various of sovereign citizen phrases such as "flesh and blood man," "sui juris," "special representative and beneficiary." CV Doc. 1 at 1. *See Fitts v. Newberry*, 2023 WL 4919666, at *2 (N.D. Okla. Aug. 1, 2023) ("[C]ommon trademarks of sovereign citizens … include … claiming to be a 'settlor' or 'executor' of the person sui juris"); *Jackson v. Redman*, 2025 WL 2533498, at *2 (E.D. Okla. May 22, 2025) (rejecting similar sovereign citizen phrases).

The Court will not grant relief based on the Notice. As the Tenth Circuit explained, "[a]n individual's belief [in] h[is] status as a 'sovereign citizen' … has no conceivable validity in American law." *Charlotte v. Hansen*, 433 Fed. App'x 660, 661 (10th Cir. 2011). *See also Serpik v. Weedon,* 2024 WL 5055221, at *2 (10th Cir. Dec. 10, 2024) (affirming dismissal of claims that "bore the hallmarks of typical sovereign citizen arguments"); *United States v. Bracken*, 2025 WL 3470848, at *2 (10th Cir. Dec. 3, 2025) (finding an appeal would be "wholly frivolous" where the

requests/arguments were "indicative of the sovereign citizen movement").

If Petitioner wishes to raise a claim that counsel was ineffective in his federal criminal case - as the title of the Notice suggests - he must file a 28 U.S.C. § 2255 motion. The Clerk's Office mailed Petitioner a blank § 2255 motion to assist with the amendment. The completed motion is due on November 20, 2026. The motion must include all § 2255 claims Petitioner wishes to raise. *See Castro v. United States*, 540 U.S. 375, 376 (2003) (requiring courts to permit an amendment that raises all arguments and issue a warning about successive claims before construing a pleading under § 2255). If Petitioner elects to file an amended pleading and raise § 2255 claims at this stage, it will count as his first § 2255 motion for purposes of the restrictions on second/successive filings. *See* 28 U.S.C. § 2255(h); *see also In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). All filings must include the civil case number (No. 25-cv-856 KWR-JFR). If Petitioner fails to timely file a completed § 2255 motion on the proper form, the Court will dismiss this case without prejudice.

**IT IS ORDERED** that Petitioner must file his claims on the 28 U.S.C. § 2255 form motion by November 20, 2026.

**SO ORDERED.**

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE